PEOPLE *v.* FLAUGHER.

1. APPEAL AND ERROR—CRIMINAL LAW—ARGUMENT OF COUNSEL—
   EXCEPTION NOT CONSIDERED WHERE NO RULING ASKED FOR.
   Improper remarks of the prosecuting attorney in his
   argument to the jury in a criminal case may not be
   considered by the Supreme Court, although objection was
   made thereto, where no ruling thereon was asked for or
   obtained.

2. NEW TRIAL — NEWLY-DISCOVERED EVIDENCE — SHOWING — SUFFI-
   CIENCY.
   A motion for a new trial on the ground of newly-dis-
   covered evidence was properly denied, where it is apparent
   from the showing made that said proposed new evidence
   is purely cumulative, and that if ordinary diligence had
   been used the attendance of all witnesses desired could
   have been procured at the trial.

Error to recorder's court of Detroit; Marsh (Pliny
W.), J.    Submitted June 13, 1924.    (Docket No.
102.)    Decided July 24, 1924.

Robert Flaugher was convicted of robbery while
armed, and sentenced to imprisonment for not less
than 15 nor more than 30 years in the State prison
at Marquette.    Affirmed.

*Edward N. Barnard,* for appellant.

*Andrew B. Dougherty,* Attorney General, *Paul W.
Voorhies,* Prosecuting Attorney, and *Harry S. Schein-
man,* Assistant Prosecuting Attorney, for the people.

McDONALD, J.    Robert Flaugher was convicted in
the recorder's court for the city of Detroit under an
information charging him with robbery being armed
with a revolver.    The crime is alleged to have been

committed in the Harper and Mt. Elliott branch of the Peninsular State Bank at the city of Detroit. The evidence is undisputed that on the 22d of August, 1922, at the hour of 2:30 o'clock in the afternoon, four men armed with a revolver entered the bank, held up the manager and other employees and took away $8,950 belonging to the bank. It is claimed by the people that the defendant was one of these men. The defense was an alibi.

The defendant insists that his conviction should be reversed for two reasons:

1. Because of the following improper remarks of the prosecuting attorney in his closing argument to the jury:

"I don't know a thing about John, the Greek. I don't know why he is not here any more, gentlemen of the jury, than I know why Robert Flaugher's sister, in this court room, would not take the stand and damn her soul and perjure her conscience, and I will take off my hat to her when she did not take this stand."

The record does not show under what circumstances this statement was made. It does appear that counsel for the defendant objected to the statement, claiming that it was immaterial. He did not ask for a ruling of the court or for any instruction in regard to it. In *People* v. *Savage,* 225 Mich. 84, this court said:

"Error is assigned on what is claimed to have been improper remarks of the prosecuting attorney in his closing argument. While the record shows that an objection was made by defendant's counsel, it does not appear that a ruling was asked for or obtained. In *People* v. *Sartori,* 168 Mich. 308, 317, it was said: 'Under repeated rulings of this court, such exceptions cannot be considered' and many cases are cited in support of the holding."

While we are not at liberty to consider the question, we do not wish to be understood as approving of the remarks of the prosecuting attorney. They were

improper, but more as to the language used than as to the subject-matter. Whether such remarks constitute reversible error depends upon the circumstances of the case. See *People* v. *McGarry,* 136 Mich. 316.

2. The second reason assigned by the defendant for a reversal is that the court erred in refusing to grant another trial on the ground of newly-discovered evidence. After considering the newly-discovered evidence as shown by the affidavits presented, the trial court denied the motion for a new trial. It was apparent from the showing made that if ordinary diligence had been used the attendance of all of these witnesses could have been procured at the trial. But if the defendant should be given an opportunity of introducing his newly-discovered evidence there is no reason for believing that it would change the result reached on the former trial. It is all of the same character as that given on the trial by the other witnesses, who testified in support of the defendant's alibi. So far as it is material, it is purely cumulative. We think the trial court did not abuse his discretion in denying the motion for a new trial.

The conviction is affirmed.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.