PEOPLE *v.* GOLDSBY

CRIMINAL LAW—INSTRUCTIONS TO JURY—MISSTATEMENT—PREJUDICE. The instructions to the jury must be read in their entirety in determining whether an inadvertent misstatement denied defendant a fair trial; statement that if jury was not satisfied with identification of defendant it should find him guilty does not require reversal where the judge correctly stated the instruction just before the inadvertent misstatement.

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 April 8, 1969, at Detroit. (Docket No. 5,946.) Decided April 21, 1969.

Alonzo Goldsby was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Kenneth A. Webb,* for defendant on appeal.

BEFORE: LESINSKI, C. J., and FITZGERALD and V. J. BRENNAN, JJ.

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur Trial § 554 *et seq.*

PER CURIAM. Defendant was found guilty of robbery armed, CL 1948 § 750.529 (Stat Ann 1954 Rev § 28.797), by a jury, and was sentenced. On appeal he contends that his guilt was not proved beyond a reasonable doubt, challenging the testimony identifying him as the person who committed the offense. The record contains testimony of the complaining witness which positively identified the defendant as the perpetrator of the robbery. It is the province of the jury to weigh the credibility of the witnesses. *People* v. *Roney* (1967), 7 Mich App 678. Since the verdict is not contrary to the great weight of the testimony, this Court will not disturb the jury's findings of disputed questions of fact. *People* v. *Cleveland* (1940), 295 Mich 139.

Appellant also contends the trial judge committed reversible error by instructing the jury, "And if you, of course, are not satisfied that he has been properly identified in this case, your verdict, likewise, would be guilty." It is obvious from a reading of the transcript of the charge that this was an inadvertent misstatement by the trial judge. The charge to the jury must be read in its entirety to determine whether this misstatement denied the defendant a fair trial. *People* v. *Serra* (1942), 301 Mich 124; *People* v. *McIntosh* (1967), 6 Mich App 62. A reading discloses that the trial judge correctly stated the instruction just before making the statement of which appellant complains; therefore, the misstatement was not prejudicial. In context, the error does not dictate reversal.

Affirmed.