PEOPLE *v.* STEWART

1. CRIMINAL LAW — CONFESSIONS — VOLUNTARINESS — FINDINGS OF
   FACT — STANDARD OF REVIEW.
   The standard of review of a determination that a confession
   was voluntary is whether the finding of fact is clearly errone-
   ous upon an independent examination of the whole record
   (GCR 1963, 517.1).

2. CRIMINAL LAW—CONFESSIONS—VOLUNTARINESS—TRANQUILIZERS.
   Conclusion of trial judge that proofs did not support contention
   that defendant was not normal and lucid when he confessed
   was not clearly erroneous where the record shows that two
   police officers who interrogated defendant, a deputy sheriff
   at the jail where he was confined, and a psychiatrist all
   believed defendant to be normal and there was little evidence
   beyond defendant's own testimony that at the time he made
   the confession he was under the influence of anything stronger
   than a mild tranquilizer.

3. BURGLARY—BREAKING AND ENTERING—INSTRUCTIONS TO JURY.
   Reference in several places in instructions to the jury to "break-
   ing and entering with intent to commit a larceny or a felony
   therein" when defendant was only charged with "breaking and
   entering with intent to commit a larceny therein" on the in-
   formation did not mislead or confuse the jury where the
   correct reference also occurred several times, the only proofs
   concerned the crime of larceny, larceny was the only specific
   crime besides breaking and entering referred to and defined
   in the instructions, and where the clerk asked the jury after
   their verdict was in whether they found defendant guilty of
   breaking and entering with intent to commit larceny (MCLA
   § 750.110).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence § 590.
[3] 13 Am Jur 2d, Burglary §§ 67–69.
[4] 5 Am Jur 2d, Appeal and Error § 894.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY.
    The whole charge to the jury must be considered and construed
      in context, and its correctness cannot be tested by merely
      examining particular parts.

Appeal from Macomb, Walter P. Cynar, J.  Sub-
mitted Division 2 June 9, 1970, at Lansing.  (Docket
No. 7,885.)  Decided July 1, 1970.

James Lawson Stewart was convicted of breaking
and entering.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *George N. Parris,*
Prosecuting Attorney, *Thaddeus F. Hamera,* Chief
Appellate Lawyer, and *Don L. Milbourn,* Assistant
Prosecuting Attorney, for the people.

*Leonard E. Reinowski, Jr.,* for defendant on
appeal.

Before: McGREGOR, P. J., and BRONSON and
MAHINSKE,* JJ.

PER CURIAM.  Defendant was convicted by a jury
of breaking and entering with intent to commit a
larceny therein[1] and was sentenced to eight to ten
years' imprisonment.

Defendant was arrested on a charge unrelated to
the present offense and placed in the Macomb
County Jail.  While confined therein, he was visited
by two Clinton Township police officers who wished
to interrogate defendant concerning several break-
ings and enterings which had occurred.  After being
advised of his constitutional rights, the defendant

---
* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.110 (Stat Ann 1962 Rev § 28.305).

confessed to the crime with which he is charged herein. This oral confession was written down by one police officer and signed by the defendant, after reading it through and penciling out one word which he disapproved.

Prior to the trial, a *Walker* hearing was held[2] to determine the voluntariness of defendant's confession. The defendant alleged at the hearing that the confession was not voluntary because he was under the influence of certain medication when the confession was offered, and, therefore, his mental condition was such that he did not know what he was doing nor could he remember making the confession. The two police officers testified that defendant was nervous during the interrogation, but that he otherwise appeared normal. See *People* v. *Daniels* (1966), 2 Mich App 395. Subsequent to the confession, but prior to trial, defendant was examined by a psychiatrist who determined that defendant was not mentally ill and to whom defendant related essentially the same story which is contained in the signed confession. At the close of the testimony, the judge ruled that the defendant was lucid and normal when he made the confession and, thus, held that the voluntary confession was admissible.

Defendant's first assignment of error on this appeal is that the court erred by admitting the confession into evidence. The standard of review on the question of the finding of fact, after a *Walker*-type hearing on the voluntariness of the confession, is that this Court will not reverse unless upon a reading of the whole record we conclude that the lower court finding was clearly erroneous. GCR 1963, 517.1; *People* v. *Townsend* (1969), 17 Mich App 267; *People* v. *Walker* (1967), 6 Mich App 600. In making a determination of whether these findings

---

[2] *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331.

were clearly erroneous, this Court must make an independent examination of the record. *People* v. *Pallister* (1968), 14 Mich App 139. See *People* v. *Hamilton* (1960), 359 Mich 410, 418; *People* v. *Summers* (1968), 15 Mich App 346, 355.

In the case at bar, the record discloses that the two police officers who interrogated defendant, the deputy sheriff at the jail where he was confined, and the psychiatrist all believed defendant to be normal. In addition, there was little evidence beyond defendant's own testimony that at the time when he made the confession he was under the influence of anything stronger than a mild tranquilizer, prescribed by the doctor treating prisoners at the jail. With these facts before him, the trial judge concluded that the proofs did not support defendant's contention that he was not normal and lucid when he confessed. Upon a review of the whole record we cannot say that this determination was clearly erroneous.

Defendant's second assignment of error is that the trial judge misled and confused the jury by referring in several places in his instructions to "breaking and entering with intent to commit *a larceny or a felony* therein", when in fact the defendant was only charged with "breaking and entering with intent to commit a larceny therein" on the information. We find this allegation of error to be without merit. The applicable statute, MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305), includes the words "any felony", which conceivably led the judge to make such a reference. The Supreme Court of this state has reiterated on numerous occasions that when an attack is made on a court's jury charge, the whole charge must be considered and construed in context, and that its correctness cannot be tested by examining particular parts. *E.g., People* v. *Haggai* (1952), 332 Mich 467; *People* v. *Loudenslager* (1950), 327

Mich 718. See, also, *People* v. *Goldsby* (1969), 17 Mich App 16; *People* v. *Gardner* (1968), 13 Mich App 16.

A reading of the record discloses that the judge in several places in his charge correctly referred to the crime as "breaking and entering with intent to commit a larceny therein" and also had the clerk of the court ask the jury after their verdict whether they found the defendant guilty of "breaking and entering with intent to commit a larceny". In addition, the only proofs brought out at trial concerned the crime of larceny and this was the only specific crime, besides breaking and entering, referred to and defined by the judge below in his instructions. Therefore, we conclude that references to the words "or a felony" were a mere surplusage and we fail to see how the defendant's rights were prejudiced thereby.

For the reasons stated above, the verdict of the jury below should be, and is, affirmed.