PEOPLE *v.* RAMSEY

CRIMINAL LAW — EVIDENCE — PRELIMINARY EXAMINATION — TRANSCRIPT.

A defendant is not prejudiced if a trial judge, sitting as a trier of fact, reads the transcript of the preliminary examination, where no testimony was given at the preliminary examination that was not repeated at trial.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr. J. Submitted Division 1 April 7, 1970, at Detroit. (Docket No. 5,731.) Decided July 30, 1970. Leave to appeal granted September 22, 1970. 384 Mich 759.

Phillip D. Ramsey was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 738 *et seq.*
53 Am Jur, Trial § 489.

Before: J. H. GILLIS, P. J., and V. J. BRENNAN and WEIPERT,* JJ.

PER CURIAM. Defendant was convicted after a nonjury trial of armed robbery. MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28.797). On appeal, defendant alleges numerous errors, none of which we find of merit.

Defendant first contends that the trial court, sitting as trier of fact, erred in reading the transcript of the preliminary examination. The record does not reveal whether, in fact, the trial judge read the transcript. At any rate, we fail to see how defendant was prejudiced. A review of both the preliminary examination transcript and the trial transcript reveals that no testimony was given at the former hearing that was not repeated at trial. *People* v. *King* (1970), 23 Mich App 16, controls and precludes a finding of error.

At trial, a police detective testified that, upon arresting defendant, he advised defendant "of his constitutional rights and he refused to sign the form and *he refused to make any statement.*" (Emphasis supplied.) Defendant contends that the admission of testimony concerning his refusal to make a statement infringed his privilege against self-incrimination. A review of the record establishes that the challenged testimony was volunteered by the witness. It was not called for by the question asked by the prosecutor. Since this case was tried to the court, it is unlikely that admission of the detective's testimony resulted in a miscarriage of justice. Furthermore, since defendant failed to voice an objection at trial, this issue is not properly preserved for appeal. In the absence of manifest injustice, we decline to consider it now. *People* v. *Willis* (1965),

---

* Circuit judge, sitting on the Court of Appeals by assignment.

1 Mich App 428; *People* v. *Waters* (1969), 16 Mich App 33.

Defendant's third assignment of error concerns allegedly prejudicial testimony proffered by a witness for the prosecution on cross-examination by defense counsel. No objection was voiced at trial, nor was a motion made to strike the testimony as unresponsive. Here too, defendant's complaint comes too late.

Defendant's other allegations of error are without factual basis in the record.

Affirmed.