PEOPLE *v.* MATUSZEWSKI

1. CRIMINAL LAW—CONFESSIONS—VOLUNTARINESS OF CONFESSION—
APPEAL AND ERROR—STANDARD OF REVIEW.
   The standard on review of a hearing to determine the voluntari-
   ness of a confession is that an appellate court will not reverse
   the decision of the lower court unless it is clearly erroneous
   (GCR 1963, 517.1).

2. CRIMINAL LAW—CONFESSIONS—VOLUNTARINESS OF CONFESSION—
APPEAL AND ERROR—STANDARD OF REVIEW—CONFLICTING TESTI-
MONY.
   A decision of the trial court on the voluntariness of a confession
   will prevail on appeal where the testimony of the defendant
   and other witnesses is in direct conflict, if the decision is
   supported by the record.

3. CRIMINAL LAW—CONFESSIONS—VOLUNTARINESS OF CONFESSION.
   Determination that the defendant, contesting the voluntari-
   ness of his confession, was informed of his constitutional
   rights and understood them and that his confession was vol-
   untary was supported by the record where defendant stated
   that he understood his rights when informed of them by the
   police prior to confessing, defendant admitted that he was
   informed of his rights on two occasions and that he also
   read a copy of his rights, the trial court questioned defendant
   about his intellectual capability, with emphasis on defend-
   ant's comprehension of the English language, the defendant
   said that one of the officers threatened to send him to prison
   for parole violation and to charge him with other offenses
   if he did not confess, the police officers did not recall making
   any threats, although one officer admitted that if he had
   known that defendant was out on parole he might have told
   defendant that he would be sent back to prison for parole
   violation, and the defendant admitted at the voluntariness

---

hearing that he knew he would be charged with parole violation whether he made a statement or not.

4. Criminal Law—Prosecutor's Objections—Confession.

Defendant suffered no prejudice requiring reversal by the prosecution's objecting to defendant's testimony that he was forced to confess where no ruling was made on the objection, the objection being neither sustained nor the defendant's remark stricken, the court indicated that the voluntariness of the confession had previously been established where defense counsel did not object to the proceedings.

5. Burglary—Breaking and Entering—Evidence—Stolen Goods —Proper Foundation—Chain of Possession.

Admitting into evidence a .22 caliber rifle in defendant's trial for breaking and entering was proper, even though the defendant claimed he never had possession of the rifle, stolen from the place burglarized where the prosecution showed a chain of possession of the rifle which connected the rifle with defendant's accomplice in the breaking and entering, and the victim positively identified the rifle as the one taken, because the evidence was relevant and material.

Appeal from Bay, Leon R. Dardas, J. Submitted December 8, 1970, at Lansing. (Docket No. 8239.) Decided April 21, 1971.

Randy Allen Matuszewski was convicted of breaking and entering a dwelling house with the intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Eugene C. Penzien,* Prosecuting Attorney, and *George B. Mullison,* Assistant Prosecuting Attorney, for the people.

*Laracey, Legatz, Leaming & Skronek,* for defendant.

Before: McGREGOR, P. J., and T. M. BURNS and ANDREWS,* JJ.

T. M. BURNS, J.    Defendant appeals his conviction of breaking and entering a dwelling house with the intent to commit larceny therein.   MCLA 1971 Cum Supp § 750.110 (Stat Ann 1971 Cum Supp § 28.305).

On April 18, 1969, the home of Mr. George Huttlemeir was broken into.   A number of items were stolen including a .22 caliber rifle.   On May 2, 1969, two police officers questioned the defendant with regard to a person they suspected of perpetrating the felony.   On May 5, 1969, the same officers went to defendant's home and took him to the Essexville Department of Public Safety for the purpose of questioning the defendant concerning his participation, if any, in the crime.   After being informed of his constitutional rights, the defendant made a written statement admitting his participation in the crime.

At the trial, defendant made a motion to suppress the admission of the confession on the grounds that it was given involuntarily due to threats made by the officers.   A *Walker* hearing[1] was immediately held, at which the trial judge determined that the confession was given voluntarily by the defendant. The confession was then admitted into evidence and at the close of all the proofs, the jury found the defendant guilty of the crime charged.

On appeal defendant raises three issues:   (1) Was the trial court's determination that the defendant's confession was voluntary against the great weight of the evidence and improper as a matter of law?    (2) Did the trial court properly exclude

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331.

testimony by the defendant pertaining to the circumstances surrounding his statement of confession? (3) Did the court properly allow into evidence the .22 caliber rifle which had been stolen?

1. *Was the trial court's determination that the defendant's confession was voluntary against the great weight of evidence and improper as a matter of law?*

Defendant first contends that the confession should not have been admitted because he was coerced by Trooper Brown, thus making the waiver of his constitutional rights prior to the confession meaningless. Furthermore, defendant contends that it is not enough merely to inform defendant of his rights, but the officers must advise him and make sure he understands them.[2]

At the *Walker* hearing, the trial judge asked defendant if he had understood his rights and defendant answered in the affirmative. The defendant admits that he was informed of his rights on two occasions and that he was also allowed to read a copy of the rights which are guaranteed under *Miranda*. The trial judge also questioned the defendant about his intellectual capability with special emphasis on his comprehension of the English language.

The law in Michigan, concerning the standard of review with regard to *Walker* type hearings, is that an appellate court will not reverse the decision of the lower court unless it is clearly erroneous.[3] When the testimony of the defendant and other witnesses is in direct conflict, the decision of the trial court will prevail if it is supported by the record.[4]

---

[2] *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974).

[3] GCR 1963, 517.1; *People* v. *Walker* (1967), 6 Mich App 600; *People* v. *Stewart* (1970), 25 Mich App 204.

[4] *People* v. *Walker* (1967), 6 Mich App 600.

Although the testimony at the *Walker* hearing was conflicting, the trial court's ruling is supported by the evidence. This Court will not reverse as we cannot say that the finding of the trial judge is clearly erroneous.[5]

Defendant also contends that because one of the officers threatened to send him to prison for parole violation and also charge him with five or six other offenses of breaking and entering if he did not confess, the confession was not voluntary and should not have been admitted into evidence. Both officers testified, however, that they did not recall making any specific threats. One officer did admit that if he had known that defendant was out on parole at the time the questioning took place that he might have told defendant that he would be sent back to prison for parole violation. However, defendant admitted at the hearing that he knew he would be charged with parole violation whether he made a statement or not.

As we stated above, since there was a conflict in the testimony, it was the duty of the trial court, sitting as trier of fact, to determine the credibility of the witnesses and arrive at his decision of whom to believe.[6] The trial court's decision here is fully supported by the record and not clearly erroneous. The trial judge did not commit reversible error by determining that the confession was voluntarily given.

2. *Did the trial court properly exclude testimony by the defendant pertaining to the circumstances surrounding the statement of confession given to Trooper Brown?*

Defendant contends that the trial court erred in excluding a portion of defendant's testimony re-

---

[5] See *People* v. *Stewart, supra.*
[6] GCR 1963, 517.1.

garding the circumstances surrounding his confession. It is defendant's position that he should have been allowed to explain the circumstances for purposes of allowing the jury to determine the truthfulness of the statement and the amount of credibility which should be given to it. The portion of the testimony now in issue is as follows:

*"Q.* Mr. Matuszewski, you have a right to explain to the court, to the jury, the people, your answers in this statement—was there anything you feel that needs additional explaining?
*"A.* I can't really say because I was more or less forced into writing that statement.
*"Mr. Mullison [assistant prosecutor]:* I am objecting to that testimony. I would like to make a motion.
*"The Court:* A motion?
*"Mr. Mullison:* I am objecting to the testimony. The matter has already been determined.
*"The Court:* For the purposes of the jury, the court has already determined that this statement was voluntary."

The people contend that since the prosecution's objection was neither sustained nor the answer stricken, that there was never really a ruling by the trial court. The people further contend that since the defendant did not register his own objection to the above proceedings, the issue is not properly before this Court.[7]

We agree with the people. It does not appear that the court ever ruled on the prosecution's objection, nor was the testimony in question stricken from the record. Further, defense counsel never objected to the proceedings of the court. He merely went on to his next question which dealt with defendant's conduct on the night of the crime. We

---

[7] *People* v. *Ramsey* (1970), 25 Mich App 576.

find no prejudice to the defendant as a result of the proceedings in question.[8]

3. *Did the trial court properly allow the .22 rifle into evidence as the people's exhibit?*

Defendant finally contends that the trial court committed reversible error by admitting into evidence the .22 rifle which was stolen. It is defendant's position that because the .22 rifle was never in his possession, its admission into evidence was irrelevant and immaterial and only served to prejudice the jury against him.

We disagree. At the trial, the victim positively identified the rifle as the one taken. Francis Dunckel, a conservation officer, testified that he had found the rifle in the possession of one Randy Myers. Randy Myers testified that he had received the rifle from a Michael Nalazek. Nalazek testified that the defendant had told him that a Danny Piotrowski was in the possession of such a rifle and that Nalazek had then borrowed the rifle from Piotrowski. Piotrowski was an accomplice of the defendant.

Based upon the above testimony, it is apparent that the prosecution laid a proper foundation. The rifle was connected with the defendant in a logical manner and the rifle connected defendant with the crime. The evidence was both relevant and material and was, therefore, properly admitted into evidence.

Affirmed.

All concurred.

---

[8] We will not, therefore, reverse based upon this issue since MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096) requires a reversal only to prevent a miscarriage of justice.