PEOPLE v. ELY

1. HOMICIDE—CAUSE OF DEATH—EVIDENCE—HEARSAY—HARMLESS ERROR.

Admitting the testimony of the county medical examiner concerning the results of an autopsy, used to establish the cause of death, which the medical examiner had not attended might have been error, but the admission was only harmless error where no real dispute existed as to the cause of death.

2. CRIMINAL LAW—RIGHT TO REMAIN SILENT—PROSECUTOR'S QUESTIONS—PRESERVING QUESTION.

Defendant's contention that the prosecution abridged his right to remain silent by cross-examining him on his failure to tell the police where he had disposed of the weapon used in a homicide is not reviewed on appeal where no objection or motion to strike was made at trial and where no manifest injustice occurred.

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 June 15, 1971, at Detroit. (Docket No. 10272.) Decided July 29, 1971. Leave to appeal denied, 386 Mich 759.

Allen Ely was convicted of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 801.
40 Am Jur 2d, Homicide § 276.
[2] 5 Am Jur 2d, Appeal and Error § 545.

Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: T. M. BURNS, P. J., and HOLBROOK and McGREGOR, JJ.

PER CURIAM. Having been charged with second-degree murder, MCLA § 750.317 (Stat Ann 1954 Rev § 28.549), defendant was convicted upon a jury verdict of manslaughter, MCLA § 750.321 (Stat Ann 1954 Rev § 28.553), and was sentenced to 7 to 15 years in prison. Defendant appeals as of right, raising four instances of alleged error.

First, defendant claims error in the admission of the testimony of the Wayne County Medical Examiner, who related the results of an autopsy which he had not attended. Defendant admits that no objection was ever made to this testimony and that, in fact, defense counsel proceeded to cross-examine the medical examiner. Although the admission of some hearsay testimony to establish the cause of death may be error, this was harmless error, since no real dispute existed as to the cause of death. *People* v. *Hall* (1970), 24 Mich App 509, 512.

Second, defendant asserts that plaintiff abridged his right to remain silent by cross-examining him on his failure to tell the police where he had disposed of the murder weapon. However, no objection was voiced at trial and no motion to strike was made. In the absence of manifest injustice, we decline review. *People* v. *Ramsey* (1970), 25 Mich App 576, 578; *People* v. *Willis* (1965), 1 Mich App 428.

Third, we find no prejudice in the prosecutor's remarks which would require reversal.

Fourth, defendant contends now, for the first time, that lack of clarity in the trial court's instructions on the issue of self-defense gives rise to reversible prejudice even in the absence of contemporaneous objection.

It is well established that, in the absence of otherwise essential objection or request,[1] we correct only miscarriages of justice. MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096). Further, we do not search out singularly objectionable excerpts from the instructions; we must review the instructions as a whole. *People* v. *Dye* (1959), 356 Mich 271, 279; *People* v. *Iron* (1970), 26 Mich App 235, 241. Examination of the instructions as a whole reveals no lack of clarity amounting to reversible error.

The defendant having demonstrated no error requiring reversal, the trial court is affirmed.

---

[1] GCR 1963, 516.2; *People* v. *Lewis* (1970), 26 Mich App 290; *People* v. *Allar* (1969), 19 Mich App 675.