PEOPLE v DUNLAP

Docket No. 29571. Submitted December 14, 1977, at Lansing.—Decided February 8, 1978.

Robert W. Dunlap was arrested and charged with armed robbery and assault with intent to do great bodily harm less than murder. Defendant was hospitalized for treatment of gunshot wounds received prior to his arrest and the charges were dismissed. Defendant recovered from his wounds and the charges were reinstated. At his trial defendant moved to suppress evidence of certain statements made by him and to suppress certain evidence seized from the car in which he was riding at the time of his arrest. Motion denied. Defendant was convicted of the charges by a jury in Washtenaw County Circuit Court, Edward D. Deake, J. Defendant appeals contending that the initial dismissal of the charges against him led to a denial of due process of law, that an incriminating statement which he gave to a police officer was not voluntarily, knowingly, and intelligently made because he was under the influence of prescribed narcotic medication at the time, and that the evidence seized at the scene of the arrest was taken in an improper search and seizure. *Held:*

The trial court's denial of the motion to suppress evidence and its finding that the defendant's statement was voluntary

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 603–606, 774.
[2] 68 Am Jur 2d, Searches and Seizures §§ 36, 45, 99.
  Search: lawfulness of search of motor vehicle following arrest for traffic violation. 10 ALR3d 314.
[3] 68 Am Jur 2d, Searches and Seizures §§ 42–45, 99
[4] 21 Am Jur 2d, Criminal Law § 317.
  29 Am Jur 2d, Evidence §§ 555–557.
  68 Am Jur 2d, Searches and Seizures § 48.
  What constitutes "custodial interrogation" within rule of Miranda v Arizona requiring that suspect be informed of his Federal constitutional rights before custodial interrogation. 31 ALR3d 565.
  Necessity of informing suspect of rights under privilege against self-incrimination prior to police interrogation. 10 ALR3d 1054.
[5] 21 Am Jur 2d, Criminal Law § 317.
[6] 5 Am Jur 2d, Arrest § 78.

were not clearly erroneous. Dismissal of charges against a defendant recuperating from an injury does not prevent his rearrest, and rearraignment on the charges after his recovery. There was probable cause for the search and seizure at the time of the defendant's arrest.

Affirmed.

1. APPEAL AND ERROR—CRIMINAL LAW—SUPPRESSION OF EVIDENCE—
    CLEARLY ERRONEOUS RULE.

    The Court of Appeals will not overturn the ruling of a trial court at a hearing on a motion to suppress evidence unless that ruling is found to be clearly erroneous.

2. SEARCHES AND SEIZURES—AUTOMOBILES—WITHOUT WARRANT—
    PROBABLE CAUSE—REASONABLENESS OF SEARCH—EVIDENCE—
    SUBSEQUENT EVENTS.

    There must be probable cause to believe that a felony has been or is being committed to justify an automobile search without a warrant, and only those facts known to the officers at the time of the search may be considered in passing upon the reasonableness of the search; events subsequent to a seizure of evidence from an automobile may not be considered.

3. SEARCHES AND SEIZURES—CIRCUMSTANCES—PROBABLE CAUSE—
    CRIMINAL ACTIVITY AFOOT—JUSTIFICATION.

    A police officer has probable cause to conduct a search where circumstances justify his belief that criminal activity is afoot.

4. CRIMINAL LAW—MIRANDA RULE—ON-THE-SCENE INVESTIGATION—
    FACT-FINDING PROCESS—ROUTINE QUESTIONING.

    General on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in a fact-finding process is not affected by the holding of *Miranda;* on-the-scene statements were not taken in violation of the *Miranda* rule where the circumstances represented a situation of an officer reacting naturally and spontaneously to the scene before him, the questions were a routine means of commencing an investigation and not an inquiry made pursuant to an already launched investigation, and the defendant was not under arrest, was not in foreign surroundings nor in a police-dominated atmosphere.

5. CRIMINAL LAW—MIRANDA RIGHTS—WAIVER—PRESCRIBED DRUGS—
    TOTALITY OF CIRCUMSTANCES—KNOWING AND INTELLIGENT
    WAIVER—VOLUNTARY WAIVER.

    The fact that a defendant was under the influence of prescribed drugs does not per se render him incapable of a knowing

waiver of his *Miranda* rights; it is the totality of circumstances which determine whether there was a waiver.

6. CRIMINAL LAW—CONSTITUTIONAL LAW—DISMISSAL OF CHARGES— HOSPITAL PATIENT—RECOVERY—REINSTATEMENT OF CHARGES— DUE PROCESS.

Dismissal of charges against a defendant while he was recuperating in a hospital does not prevent rearrest, recharging and rearraignment after recovery; such action does not constitute a violation of due process of law.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Lynwood E. Noah,* Assistant Prosecuting Attorney, for the people.

*Charles E. Miller,* for defendant.

Before: V. J. BRENNAN, P. J., and D. F. WALSH and H. L. HEADING,* JJ.

PER CURIAM. Defendant Robert Wayne Dunlap was convicted by a jury of armed robbery, contrary to MCLA 750.529; MSA 28.797, and assault with intent to do great bodily harm less than murder, contrary to MCLA 750.84; MSA 28.279. Defendant first assigns as error the trial court's denial of a defense motion to suppress evidence and statements.

This Court will not overturn a trial court's ruling at a suppression hearing unless that ruling is found to be clearly erroneous. *People v Triplett,* 68 Mich App 531, 535; 243 NW2d 665 (1976), *lv den,* 397 Mich 842 (1976), *People v Bunker,* 22 Mich App 396, 404; 177 NW2d 644 (1970), *People v Smith,* 19 Mich App 359, 367; 172 NW2d 902 (1969), *People v Stewart,* 25 Mich App 204, 206; 181 NW2d 14 (1970), *People v Terrell,* 77 Mich

---

* Detroit Recorder's Court judge, sitting on the Court of Appeals by assignment.

App 676, 679; 259 NW2d 187 (1977). The suppression hearing in the instant case was addressed both to certain physical evidence which was seized from an automobile in which the defendant was riding, and certain statements made by the defendant and his companion, the driver of the automobile.

To justify a warrantless automobile search, there must be probable cause to believe that a felony has been or is being committed. *People v Iverson,* 34 Mich App 519; 191 NW2d 745 (1971), *People v Strong,* 77 Mich App 281, 284; 258 NW2d 205 (1977). In passing upon the reasonableness of the search, only those facts known to the officers at the time of the search may be considered; events subsequent to the seizure may not. *People v White,* 46 Mich App 195, 198; 207 NW2d 921 (1973).

In the instant case, the police officers involved made a routine stop of the vehicle in which the defendant was riding for a traffic violation. They discovered the defendant, a passenger in the back seat, with a severe gunshot wound to the leg. They arranged to have an ambulance meet them, and upon arriving at the rendezvous point proceeded to ask the pair what had happened. The driver first indicated that the defendant had a gun in the back seat. One officer asked the defendant what had happened and he stated that he shot himself accidentally. The officer then inquired where the gun was and the defendant told him. The officer seized the gun as well as a bag of money and checks and a knife from the glove compartment.

The circumstances justified the police officers' belief that "criminal activity was afoot", and they had probable cause, therefore, to conduct the search. *People v LaGrange,* 40 Mich App 342; 198

NW2d 736 (1972), *People v Lillis,* 64 Mich App 64; 235 NW2d 65 (1975), *People v Parisi,* 393 Mich 31; 222 NW2d 757 (1974), *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968). Any statements made on the scene at that particular moment were not taken in violation of *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966). Rather, the circumstances represented "a situation of an officer reacting naturally and spontaneously to the scene before him. It was a routine means of commencing an investigation and not an inquiry made pursuant to an already-launched investigation. The defendant had not as yet been placed under arrest; neither was he in foreign surroundings nor in a 'police-dominated atmosphere' as stressed in *Miranda." People v Herman Jackson,* 37 Mich App 664, 669; 195 NW2d 312 (1972). General on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in the fact-finding process is not affected by the holding of *Miranda. Miranda v Arizona, supra* at 477–478. Therefore, both the statements taken at that time and the search and seizure of contraband was proper.

Further, the statement made by defendant while in an ambulance on the way to Ann Arbor, though the defendant was likely in custody at that time, was a volunteered statement and therefore not taken in violation of *Miranda.*

A more difficult situation is presented by defendant's confession made to police officers in his hospital room some days after being arrested. Defendant had been at Ann Arbor Hospital for several days with 24-hour police guard at his door. His wound was quite serious and he was receiving shots of morphine and phenergan for several days. Late one night, after the defendant had been

receiving these shots for approximately four days, an officer came in to speak with the defendant at the defendant's request. He proceeded to take a full confession from the defendant and also had the defendant sign a waiver card. The police officer who took the statement testified that defendant told him he wanted to confess so that his brother-in-law, the driver of the car, could get out of jail. The defendant asserts that the amount of medication he was receiving as well as the pain and suffering of the wound preclude the possibility that he exercised a knowing and intelligent waiver of his rights. The police officer testified on the contrary that the defendant was in full control of his faculties and voluntarily made the statements. That the defendant was narcotized does not per se render him incapable of a knowing waiver. *People v Townsend,* 11 Ill 2d 30; 141 NE2d 729 (1957). Rather the totality of the circumstances determine the result. *Glenn v Missouri,* 341 F Supp 1055 (ED Mo, 1972), *Beecher v Alabama,* 408 US 234; 92 S Ct 2282; 33 L Ed 2d 317 (1972). The defendant testified that he had no memory of making any confession of any sort. He also testified that he did remember signing something but that he was not aware of its contents.

The trial court determined that the waiver was in fact voluntary, knowing and intelligent. Under the circumstances we cannot say that such finding was clearly erroneous. *People v Triplett, supra* at 535, *People v Stewart, supra* at 206.

Defendant next asserts that the dismissal of charges against him while he was recuperating in the hospital denied him due process. When defendant had recovered from his surgery he was rearrested, recharged and rearraigned. We find no violation of due process here. *People v Curtis,* 389

Mich 698, 706; 209 NW2d 243 (1973), *People v Clark,* 43 Mich App 476, 480; 204 NW2d 332 (1972), *People v McCartney,* 72 Mich App 580, 585; 250 NW2d 135 (1976).

Affirmed.