Per Curiam.
 

 Defendant appeals as of right his bench
 

 trial conviction of first-degree home invasion, MCL 750.110a(2)(b). We affirm.
 

 Defendant argues that the statement he made to the police that he was “looking for food” was inadmissible under both the corpus delicti rule and
 
 Miranda v Arizona,
 
 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966). Because defendant failed to preserve these issues for appeal, both issues are reviewed for plain error affecting defendant’s substantial rights.
 
 People v Carines,
 
 460 Mich 750, 763; 597 NW2d 130 (1999).
 

 Defendant argues that the prosecution failed to establish the corpus delicti of the offense before defendant’s incriminating statement was admitted into evidence. Specifically, defendant contends that the prosecution failed to establish the necessary elements of felonious intent independent of his statement and that his statement therefore was improperly admitted. We disagree.
 

 The purpose of the corpus delicti rule is to prevent the use of a defendant’s confession to convict him of a crime that did not occur.
 
 People v Konrad,
 
 449 Mich 263, 269; 536 NW2d 517 (1995). The rule bars the prosecution from using a defendant’s confession in any criminal case unless it presents direct or circumstantial evidence independent of the defendant’s confession that the specific injury or loss occurred and that some criminal agency was the source or cause of the injury.
 
 Id.
 
 at 269-270;
 
 People v Hayden,
 
 205 Mich
 
 *117
 
 App 412, 413; 522 NW2d 336 (1994);
 
 People v Cotton,
 
 191 Mich App 377, 389; 478 NW2d 681 (1991). Once this showing has been made, “[a] defendant’s confession then may be used to elevate the crime to one of a higher degree or to establish aggravating circumstances.”
 
 Id.
 
 Thus, and contrary to defendant’s argument, it is not necessary that the prosecution present independent evidence of every element of the offense before a defendant’s confession may be admitted.
 
 People v Williams,
 
 422 Mich 381, 391; 373 NW2d 567 (1985). We find that such an interpretation loses sight of the purpose of the rule and “would require that the entire crime be proved before a confession could ever be admitted.”
 
 Konrad, supra
 
 at 270.
 
 [1]
 

 Here, the testimony of the complainant and Dear-born Heights Police Officer Leonard Stewart was sufficient to establish that an injury occurred and that some criminal element was involved. MCL 750.110a(2);
 
 Konrad, supra
 
 at 269-270. The complainant and Officer Stewart found defendant in complainant’s family room watching television. Officer Stewart observed that a window screen had been ripped out and the window behind it was open. Once this evidence was presented, defendant’s statement was properly admitted to establish defendant’s intent and to elevate the crime to a higher degree.
 
 Cotton, supra
 
 at 389, 394. Therefore, no error occurred in the admission of defendant’s statement as proof of the
 
 *118
 
 necessary intent for the crime of first-degree home invasion.
 

 With respect to defendant’s claim of a
 
 Miranda
 
 violation, an officer’s obligation to give
 
 Miranda
 
 warnings to an accused attaches only when the person is subject to custodial interrogation.
 
 People v Peer-enboom,
 
 224 Mich App 195, 198; 568 NW2d 153 (1997). Moreover, a police officer may ask general on-the-scene questions to investigate the facts surrounding the crime without implicating the holding in
 
 Miranda. People v Hill,
 
 429 Mich 382, 398; 415 NW2d 193 (1987), quoting
 
 Miranda, supra
 
 at 477-478;
 
 People v Dunlap,
 
 82 Mich App 171, 175; 266 NW2d 637 (1978). We believe that to be the case here. Defendant’s statements were in response to the officer’s brief on-the-scene questioning to investigate the reason for defendant’s presence in the complainant’s living room. The police officer reacted naturally and spontaneously to the scene before him. More importantly, defendant was not under arrest or in a police-dominated, coercive atmosphere as intended by
 
 Miranda. Id.
 
 Defendant’s statement was therefore not admitted in violation of
 
 Miranda
 
 and no error occurred.
 

 Defendant also argues that he was denied the effective assistance of counsel when his trial counsel failed to object to the admission of defendant’s statement on the basis of a violation of the coipus delicti rule and
 
 Miranda.
 
 This claim is without merit. Because there was no error in admitting defendant’s statement, defense counsel was not ineffective for failing to challenge the admission of the statement, because defense counsel is not required to make
 
 *119
 
 motions that have no merit.
 
 People v Darden,
 
 230 Mich App 597, 605; 585 NW2d 27 (1998).
 

 likewise, defendant’s argument that the trial court abused its discretion in denying his motion for a new trial is also without merit. A trial court’s ruling on a motion for a new trial is reviewed for an abuse of discretion.
 
 People v Torres,
 
 452 Mich 43, 50; 549 NW2d 540 (1996).
 

 We find that the trial court did not abuse its discretion because there was no error in admitting defendant’s statement.
 

 Affirmed.
 

 [1]
 

 Defendant’s reliance on
 
 People v Mumford,
 
 171 Mich App 514; 430 NW2d 770 (1988), and
 
 People v Uhl,
 
 169 Mich App 217; 425 NW2d 519 (1988), for the proposition that the prosecution must submit evidence on ail the elements of the crime before admitting into evidence the defendant’s statement, is misplaced. Neither of these cases even mentions the Supreme Court’s holding in
 
 Williams, supra,
 
 which, as noted, holds just the opposite. See also,
 
 Konrad, supra
 
 at 270;
 
 Cotton, supra
 
 at 390.