*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 26, 2019

Plaintiff-Appellee,

v

No. 340033
Wayne Circuit Court
LC No. 16-008683-01-FH

WALTER AARON KELLY,

Defendant-Appellant.

Before: O'BRIEN, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J. *(dissenting)*

I respectfully dissent regarding defendant's motion to suppress. The trial court stated that if defendant had been handcuffed during the questioning, it would have suppressed the gun found in the car as evidence. The majority accurately states that the trial court clearly erred in its belief that defendant was not handcuffed and thus not in custody. However, I respectfully believe the majority misinterprets binding case law in reaching its decision to affirm. The trial court should have suppressed the gun, and this Court should therefore vacate defendant's conviction and sentence. I would therefore decline to address defendant's self-representation argument as unnecessary.

As the majority states, police are obligated to give *Miranda*[1] warnings to an accused when that person is being subjected to a custodial interrogation. See *People v Tanner*, 496 Mich 199, 207; 853 NW2d 653 (2014). "Statements made by a defendant to the police during a custodial interrogation are not admissible unless the defendant waives his constitutional right against self-incrimination voluntarily, knowingly, and intelligently." *People v Barritt*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 341984), slip op at p 2. There is no dispute that defendant was never given *Miranda* warnings. Furthermore, I agree with the majority that defendant was unambiguously in custody during the relevant questioning, and the trial court

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602, 16 L Ed 2d 694 (1966).

clearly erred in finding otherwise. As a general matter, it would therefore appear that defendant's responses to the police questioning should be suppressed.

Not all inquiries by a police officer necessarily constitute "interrogation" for *Miranda* purposes. However, the majority relies on the statement in *Miranda* that "[g]eneral on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in the fact-finding process is not affected by [its] holding." *Miranda v Arizona*, 384 US 436, 477; 86 S Ct 1602, 16 L Ed 2d 694 (1966). It is unambiguous from the context in *Miranda* that the United States Supreme Court intended that statement to avoid "hamper[ing] the traditional function of police officers in investigating crime" and clarify that "[s]uch investigation may include inquiry of persons *not under restraint*." *Id*. (emphasis added). Thus, the exception upon which the majority relies depends on the subject of questioning *not being in custody at the time*. See *People v Hill*, 429 Mich 382, 397-399; 415 NW2d 193 (1987). In other words, where "defendant was not under arrest or in a police-dominated, coercive atmosphere as intended by *Miranda*," an "officer's brief on-the-scene questioning" may well not constitute an interrogation. *People v Ish*, 252 Mich App 115, 118; 652 NW2d 257 (2002). The fact scenario here is, the majority agrees, completely the opposite.

I therefore cannot agree with the majority's conclusion that defendant's statements were not obtained in violation of *Miranda*, and therefore I cannot agree that the police had probable cause to search the vehicle on that basis. I would vacate defendant's conviction and sentence, and remand for further proceedings the trial court and parties deem appropriate after suppressing the gun as evidence.

/s/ Amy Ronayne Krause