*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

WALTER AARON KELLY,

Defendant-Appellant.

UNPUBLISHED
March 26, 2019

No. 340033
Wayne Circuit Court
LC No. 16-008683-01-FH

Before: O'BRIEN, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of carrying a concealed weapon, MCL 750.227. Defendant was sentenced to 18 months' probation. We affirm.

## I. WAIVER OF TRIAL COUNSEL

Defendant asserts that the trial court erroneously allowed him to represent himself at trial because the trial court did not comply with *People v Anderson*, 398 Mich 361; 247 NW2d 857 (1976), and MCR 6.005(D). However, defendant did not raise this issue as the basis now asserted on appeal before the trial court. "As a general rule, this Court will not review an issue raised for the first time on appeal. However, where a significant constitutional question is presented, as in this case, appellate review is appropriate." *People v Blunt*, 189 Mich App 643; 473 NW2d 792 (1991) (citation omitted).

Generally, "[w]e review for an abuse of discretion the trial court's decision to permit defendant to represent himself." *People v Hicks*, 259 Mich App 518, 521; 675 NW2d 599 (2003). We review de novo whether a defendant has waived his Sixth Amendment right to counsel. *People v Williams*, 470 Mich 634, 640; 683 NW2d 597 (2004). However, we review for clear error the trial court's factual findings regarding a knowing and intelligent waiver. *Id*. A finding is clearly erroneous if this Court is definitely and firmly convinced that the trial court made a mistake. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012).

However, with respect to unpreserved claims of constitutional error, our review is for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130

-1-

(1999). "To avoid forfeiture under the plain error rule three requirements must be met: (1) error must have occurred, (2) the error was plain, i.e. clear or obvious, (3) and the plain error affected substantial rights. *Id.* at 763. "The third requirement generally required a showing of prejudice, i.e. that the error affected the outcome of the lower court proceedings." *Id*. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (quotations omitted).

Defendant argues that the trial court abused its discretion by allowing him to represent himself at trial. Defendant contends that the trial court did not comply with *Anderson* and MCR 6.005(D) because defendant's waiver was not (1) knowing, intelligent, and voluntary, and (2) defendant did not know the risks of self-representation. Additionally, defendant asserts that the trial court did not provide an express finding that defendant "fully understood, and agreed to proceed despite the serious ramifications of self-representation. Therefore, defendant claims, he did not validly waive his right to counsel. We disagree.

Under the Sixth Amendment, which applies to the states through the Due Process Clause of the Fourteenth Amendment, "[d]efendants who face incarceration are guaranteed the right to counsel at all critical stages of the criminal process . . . ." *People v Willing*, 267 Mich App 208, 219; 704 NW2d 472 (2005). "Both federal and state law also guarantee a defendant the right of self-representation, although this right is subject to the trial court's discretion." *Id*. The trial court must determine that the three factors delineated in *Anderson* are met before granting defendant's request to represent himself: "(1) the defendant's request is unequivocal, (2) the defendant is asserting the right knowingly, intelligently, and voluntarily after being informed of the dangers and disadvantages of self-representation, and (3) the defendant's self-representation will not disrupt, unduly inconvenience, and burden the court and the administration of the court's business." *Id*.; *Anderson*, 398 Mich at 367-368. Additionally,

> a trial court must satisfy the requirements of MCR 6.005(D), which prohibits the trial court from allowing the defendant to make an initial waiver of counsel without first[:]
>
>> (1) advising the defendant of the charge, the maximum possible prison sentence for the offense, any mandatory minimum sentence required by law, and the risk involved in self-representation, and
>>
>> (2) offering the defendant the opportunity to consult with a retained lawyer or, if the defendant is indigent, the opportunity to consult with an appointed lawyer.
>
> A trial court must substantially comply with the *Anderson* factors and MCR 6.005(D) for a defendant to effect a valid waiver of the right to counsel. [*Willing*, 267 Mich App at 219-220 (footnoted omitted).]

"[I]f the trial court fails to substantially comply with the requirements in *Anderson* and the court rule, then defendant has not effectively waived his Sixth Amendment right to the assistance of

counsel." *People v Russell*, 471 Mich 182, 191-192; 684 NW2d 745 (2004). "Substantial compliance requires that the trial court discuss the substance of both *Anderson* and MCR 6.005(D) in a short colloquy with the defendant, and make an express finding that the defendant fully understands, recognizes, and agrees to abide by the waiver of counsel procedures." *Russell*, 471 Mich at 191. "Proper compliance with the waiver of counsel procedures is a necessary antecedent to a judicial grant of the right to proceed in propria persona. Proper compliance requires that the court engage, on the record, in a methodical assessment of the wisdom of self-representation by the defendant." *Hicks*, 259 Mich App at 523.

Although defendant concedes that the trial court did address some of the *Anderson* factors, he maintains that he never made an unequivocal waiver of his right to counsel. Defendant's argument is premised on his representation to the trial court that he had sought representation from attorney Hugh Davis, but Davis was not available for defendant's June trial. Absent the trial court moving defendant's trial date, defendant would represent himself. However, based on our review of the record before us, we conclude that the trial court did substantially comply with the factors enumerated in *Anderson*. Although defendant did express his desire to have Davis represent him, Davis never filed an appearance or requested an adjournment. On the day of trial, the following exchange took place between defendant and the trial court:

> *Trial Court*. Today is the day set for trial. It is my understanding that you continue or persist in wishing to represent yourself in this case; is that correct?
>
> *Defendant*. I was trying to rep -- get representation by Hugh Davis, but he doesn't have the time. The timeline in which you tried to push up to the 22nd of June did not allow him enough time to represent me, so I, I'm here representing myself, your Honor.
>
> *Trial Court*. Well, um, I have no idea what Hugh Davis' position is on representing you. He's never filed an appearance or asked for an adjournment or come into court here. But absent Hugh Davis you wish to represent yourself, is that, is that correct?
>
> *Defendant*. Uh, yes, your Honor.

The trial court then told defendant that he was charged with a five-year felony, and cautioned defendant that:

> there are a lot of laws and rules and, um, processes that everybody is obligated to follow in the -- um, in a jury trial. And you would not be necessarily aware of how to conduct a trial as a lawyer would be, and that's one of the reasons why I want you to have an adviser.

Additionally, the trial court said, "I have hardly ever seen, um, someone try to represent themselves in a jury trial very successfully. But if that's what you wanna do, and that's the right you wanna exercise, well then that's -- I, I don't have much choice in that matter." Accordingly, on the record before us, we are satisfied that the trial court substantially complied with *Anderson*,

and that defendant knowingly, intelligently, and understandingly waived his right to counsel and proceeded in propria persona.

Moreover, we conclude that the trial court complied with MCR 6.005(D). Regarding MCR 6.005(D)(1), by "advising the defendant of the charge, the maximum possible prison sentence for the offense, any mandatory minimum sentence required by law, and the risk involved in self-representation," the trial court satisfied this requirement. *Willing*, 267 Mich App at 220. Here, the trial court apprised defendant that he was charged with "a single count of carrying a concealed weapon," and which was "a five year felony." The trial court further cautioned defendant that there were a lot of laws, rules, and processes that defendant would have to follow in a jury trial and that defendant was not aware of how to conduct a trial like a lawyer. The trial court also stated that those who represent themselves in a jury trial are usually unsuccessful. Furthermore, the trial court informed defendant that he would have "the opportunity to consult with a retained lawyer or, if the defendant is indigent, the opportunity to consult with an appointed lawyer[.]" *Willing*, 267 Mich App at 220. Specifically, the trial court instructed defendant as follows:

> [Y]ou would not be necessarily aware of how to conduct a trial as a lawyer would be, and that's one of the reasons why I want you to have an adviser.

> Whether you wanna consult with [standby counsel] or not or whether you wanted to even consult with [the previous standby counsel] or not I just feel much more comfortable, um, with you at least having somebody standing by so that you can consult with them or ask him questions about process because I'm going to expect the same of you as I would expect of the lawyer.

Finally, defendant argues that he was prejudiced by not being represented by counsel. Defendant contends that neither he, standby counsel, the prosecutor, nor the trial court suggested using M Crim JI 11.14, Exemption-Licensed Pistol Carried for a Lawful Purpose. However, M Crim JI 11.14 requires a gun to be "in a closed case or container," and the gun in this case was not in a case or container. Additionally, defendant wanted to raise a defense under MCL 750.227d.[1] The trial court, defendant, and the prosecutor discussed the applicability of the

---

[1] MCL 750.227d provides:

(1) Except as otherwise permitted by law, a person shall not transport or possess in or upon a motor vehicle . . . either of the following:

> (a) A firearm, other than a pistol, unless the firearm is unloaded and is 1 or more of the following:

> (*i*) Taken down.

> (*ii*) Enclosed in a case.

> (*iii*) Carried in the trunk of the vehicle.

-4-

statute. Therefore, defendant raised this issue. The trial court stated that it would "go to the jury" in M Crim JI 11.1, which is the jury instruction for carrying a concealed pistol. Further, defendant did not testify because he did not know how to cross-examine himself. Toward the end of the trial, the trial court asked defendant if he wanted to testify. Defendant responded that he did not know how he would do so. The trial court did not know either. Defendant highlighted that his cross-examination of Detective Markel was unsuccessful so it "would probably be a waste of everybody's time" to testify and cross-examine himself. The trial court responded, "fine. you - - um, all right." Therefore, defendant decided not to testify. Finally, defendant claims he was prejudiced when neither he nor standby counsel objected to the prosecutor's rebuttal argument, which discussed hearsay. Specifically, the prosecutor argued that Detective Markel knew that defendant was previously in the vehicle because another officer told her. However, the prosecutor was merely arguing facts already admitted into evidence. Accordingly, we conclude that defendant's claim that he was prejudiced by his own self-representation lacks merit.

## II. MOTION TO SUPPRESS

Next, defendant argues that the trial court erred in denying his motion to suppress his statements, and the gun found in the vehicle based on those statements, after being questioned by police while handcuffed, but without first being given *Miranda* [2] warnings. We disagree.

"We review a trial court's factual findings in a ruling on a motion to suppress for clear error." *People v Attebury*, 463 Mich 662, 668; 624 NW2d 912 (2001). "A finding of fact is clearly erroneous if, after a review of the entire record, [we are] left with a definite and firm conviction that a mistake has been made." *People v Wilkens*, 267 Mich App 728, 732; 705 NW2d 728 (2005). "To the extent that a trial court's ruling on a motion to suppress involves an interpretation of the law or the application of a constitutional standard to uncontested facts, our review is de novo." *Attebury*, 463 Mich at 668.

"[A]n officer's obligation to give *Miranda* warnings to an accused attaches only when the person is subject to custodial interrogation." *People v Ish*, 252 Mich App 115, 118; 652 NW2d 257 (2002). Therefore, generally, a defendant's statements made during "custodial interrogation" must be suppressed if the defendant was not read his *Miranda* rights before questioning. *Miranda*, 384 US at 444; *People v Anderson*, 209 Mich App 527, 531; 531 NW2d 780 (1995).

Detective Markel concedes that the officer that questioned defendant did not Mirandize defendant. Therefore, the pertinent question is whether the officer's detainment of defendant constituted custodial interrogation. *People v Elliott*, 494 Mich 292, 302; 833 NW2d 284 (2013). If the detainment did not constitute custodial interrogation, the ruling of the trial court was correct and the statement and gun were properly admitted into evidence. *Id*. However, if the

---

(*iv*) Inaccessible from the interior of the vehicle.

[2] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602, 16 L Ed 2d 694 (1966).

detainment did constitute custodial interrogation, the trial court erred, and the statement and gun were improperly admitted into evidence. *Id*.

A defendant is in "custody" if, based on the totality of the circumstances, he could reasonably believe that he was not free to leave. *People v Steele*, 292 Mich App 308, 316-317; 806 NW2d 753 (2011). In this case, both defendant and Detective Markel testified that defendant was handcuffed when defendant was questioned. However, the trial court found that defendant was not handcuffed at the time of questioning, which was clearly erroneous based on the testimony presented at the suppression hearing. Even though defendant was not formally under arrest, because he was in handcuffs, he reasonably believed that he was not free to leave, and therefore, was in custody. *Steele*, 292 Mich App at 316-317.

However, regardless of whether defendant was handcuffed, defendant's statement to the officer regarding the gun should not have been suppressed because defendant was not interrogated. "Interrogation, for purposes of *Miranda*, refers to express questioning or its functional equivalent. In other words, interrogation refers to express questioning and to any words or actions on the part of the police that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Anderson*, 209 Mich App at 532-533. However, "a police officer may ask general on-the-scene questions to investigate the facts surrounding the crime without implicating the holding in *Miranda*." *Ish*, 252 Mich App at 118.

Here, defendant testified that the officer asked him his name, for identification, where he came from, how he got there, which vehicle was his, if the vehicle was registered to him, if there was anybody in the vehicle, if there were any items in the vehicle, his purpose for coming to the home, and if he lived at the home. Defendant stated that he answered the questions, stating:

> I told them my name was Walter Kelly. I told them I have identification in my pocket in which they seized. I told them that I came over there to check on my brother because my mother informed me that he was being arrested by SWAT. I told them that I drove over there. I told them the specific location of the vehicle. They asked to be very specific so I told them exactly where it was at because it was behind a big white commercial cargo vehicle. I told them the name of my wife as well as my daughter in the vehicle. I told them that I did not have a valid CPL. I told them that I did have a firearm in the vehicle. I told them that it was registered.

Defendants statements made on the scene were not taken in violation of *Miranda*. The officer asked general, on-the-scene questions, and defendant's statement regarding the gun was in response to that general, on-the-scene questioning. *Ish*, 252 Mich App at 118. "The police officer reacted naturally and spontaneously to the scene before him." *Id*. The officer detained and questioned defendant because he was recognized as the suspect. Therefore, the trial court did not err by failing to suppress defendant's statements to the officer. Moreover, the subsequent search of the vehicle (regardless of defendant's wife's consent) was proper because the police had probable cause for the search given the fact that defendant had indicated that there was a gun in the vehicle and he did not have a concealed pistol license. See *People v Dunlop*, 82 Mich App 171, 174; 266 NW2d 637 (1978).

Affirmed.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen