*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 14, 2024

Plaintiff-Appellee,

v

No. 364898
Oakland Circuit Court
LC No. 20-273402-FH

MARK EDWARD HENTON,

Defendant-Appellant.

Before: PATEL, P.J., and K. F. KELLY and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of two counts of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(c) (defendant knows or has reason to know victim is mentally incapable, mentally incapacitated, or physically helpless). Defendant was sentenced to 51 months to 15 years' imprisonment on each count, to be served concurrently. On appeal, defendant challenges the sufficiency of the evidence to sustain his CSC-III conviction involving digital penetration, asserting that the primary evidence regarding that count was admitted in violation of the *corpus delicti* rule and therefore violated his right to due process. Defendant further contends that he is entitled to resentencing because, without that conviction, his guidelines score would be altered. We affirm.

## I. FACTUAL BACKGROUND

This case arises out of an incident of sexual assault committed by defendant against the victim. On the date of the incident, the victim was staying at the home of her friend Jodi. After drinking wine and watching television together, the victim fell asleep in bed. Defendant, who had a sexual relationship with Jodi, came to Jodi's home and engaged in consensual sexual intercourse with her. Afterwards, defendant told Jodi that he was going to "f*** with [her] girl," and entered the bedroom where the victim was asleep. The victim awoke, with her pants off, to a man she did not know, penetrating her vagina with his penis. She opened her eyes, and the man jumped off of her and left the room.

Defendant was interviewed by Detective Peter Canelopoulos, a detective with the West Bloomfield Police Department's Investigations Bureau. Defendant told Canelopoulos that he

entered the room while the victim was sleeping. Defendant started rubbing the victim's breasts. According to defendant, the victim grabbed his hand and moved it down toward her vagina. Defendant told Canelopoulos that the victim was "into it" and he could see the whites of her eyes. Defendant also told Canelopoulos that he inserted his finger into the victim's vagina.

Defendant was charged with two counts of CSC-III. Count 1 alleged that defendant penetrated the victim's genital opening with his penis, while knowing or having reason to know that she was physically helpless. Count 2 alleged that defendant penetrated the victim's genital opening with his finger, while knowing or having reason to know that she was physically helpless.

At trial, Canelopoulos recounted what defendant told him. The victim and Jodi also testified regarding the night of the incident. Katrina Ferris, a sexual assault nurse examiner who performed a forensic examination on the victim, explained that she observed two tears on the victim's genitals. Two forensic biologists provided the results of testing that demonstrated a strong likelihood that DNA found on the victim's labia majora and pants originated from defendant.

Defendant testified, admitting that he inserted his finger into the victim's vagina, and then inserted his penis into the victim's vagina. According to defendant, the victim did not appear to be sleeping or unconscious when he and the victim had sexual intercourse, and it was consensual.

The jury found defendant guilty on both counts. The trial court sentenced defendant at the bottom of the minimum sentence range. This appeal followed.

## II. ISSUE PRESERVATION AND STANDARD OF REVIEW

"In order to preserve the issue of the improper admission of evidence for appeal, a party generally must object at the time of admission." *People v Knox*, 469 Mich 502, 508; 674 NW2d 366 (2004). Defendant argues that the admission of inculpatory statements that he made to Canelopoulos violated the *corpus delicti* rule. Defendant failed to object to the admission of this evidence at trial. This issue is not preserved.

Ordinarily, "[t]his Court reviews a lower court's decision regarding the corpus delicti requirement for an abuse of discretion." *People v Burns*, 250 Mich App 436, 438; 647 NW2d 515 (2002). However, "[a]ppellate courts may grant relief for unpreserved errors if the proponent of the error can satisfy the 'plain error' standard[.]" *People v Cain*, 498 Mich 108, 116; 869 NW2d 829 (2015). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

"We review constitutional questions de novo." *People v Sadows*, 283 Mich App 65, 67; 768 NW2d 93 (2009). "This Court reviews de novo a challenge to the sufficiency of the evidence." *People v Smith*, 336 Mich App 297, 302; 970 NW2d 450 (2021). "De novo review means we review this issue independently, without any required deference to the courts below." *People v Bruner*, 501 Mich 220, 226; 912 NW2d 514 (2018). "This Court reviews the proportionality of a trial court's sentence for an abuse of discretion. A given sentence constitutes an abuse of discretion if that sentence violates the principle of proportionality. . . ." *People v Lydic*, 335 Mich App 486, 500; 967 NW2d 847 (2021) (quotation marks and citations omitted).

### III. *CORPUS DELICTI*

Defendant argues that his CSC-III conviction involving digital penetration should be reversed because it was based on inadmissible evidence, in violation of the *corpus delicti* rule and his right to due process. We disagree.

"[P]roof of the corpus delicti is required before the prosecution is allowed to introduce the inculpatory statements of an accused." *People v McMahan*, 451 Mich 543, 548; 548 NW2d 199 (1996). "Under the *corpus delicti* rule, a defendant's confession may not be admitted unless there is direct or circumstantial evidence independent of the confession establishing (1) the occurrence of the specific injury . . . and (2) some criminal agency as the source of the injury." *People v Schumacher*, 276 Mich App 165, 180; 740 NW2d 534 (2007) (quotation marks and citation omitted). "Once this showing has been made, a defendant's confession then may be used to elevate the crime to one of a higher degree or to establish aggravating circumstances." *People v Ish*, 252 Mich App 115, 117; 652 NW2d 257 (2002) (quotation marks and citation omitted). "[I]t is not necessary that the prosecution present independent evidence of every element of the offense before a defendant's confession may be admitted." *Id*.

"The purpose of the corpus delicti rule is to prevent the use of a defendant's confession to convict him of a crime that did not occur." *Id*. at 116. "[T]he *corpus delicti* rule does not bar admissions of fact that do not amount to a confession of guilt." *Schumacher*, 276 Mich App at 181. "If the fact admitted does not of itself show guilt but needs proof of other facts, which are not admitted by the accused, in order to show guilt, it is not a confession, but an admission." *Id*. (cleaned up).

The trial court did not plainly err by admitting statements voluntarily made by defendant to Canelopoulos.[1] The CSC-III conviction at issue required the prosecution to prove that defendant penetrated the victim's genital opening with his finger, while knowing or having reason to know the victim was physically helpless. We find the admission of defendant's statements to Canelopoulos into evidence was not a violation of the *corpus delicti* rule because defendant's statements were not confessions of guilt. Although defendant admitted to digitally penetrating the victim, defendant maintained that the victim was actively participating in and enjoying the sexual intercourse. The *corpus delicti* rule does not apply to admissions not amounting to confessions of guilt. See *id*. In other words, defendant's statements were not a confession but a factual assertion regarding the consensual nature of the interaction. Thus, the trial court did not plainly err by allowing Canelopoulos's testimony.

---

[1] Defendant argues that his conviction violates the *corpus delicti* rule because it was based solely on his statement to Canelopoulos and his trial testimony. However, the *corpus delicti* rule does not apply to statements made by defendant during his trial testimony because the *corpus delicti* rule only applies to inculpatory statements of the accused offered as evidence by the prosecution. See *McMahan*, 451 Mich at 548. Defendant was called as a witness by the defense. The crux of this issue is whether the trial court plainly erred by admitting statements made by defendant to Canelopoulos.

Even assuming that defendant's statements were a confession of guilt, the prosecution still did not violate the *corpus delicti* rule. The prosecution presented circumstantial evidence of defendant's guilt, independent of his statements to Canelopoulos, and was able to show that criminal agency was the cause of the victim's injury. This circumstantial evidence included the victim's testimony that she did not consent to any sexual contact and the results of the forensic examination. In other words, the prosecution established *corpus delicti* by, independent of defendant's statements, putting forth evidence defendant sexually assaulted the victim while she was sleeping and physical evidence of her injury.

"Due process requires that a prosecutor introduce evidence sufficient to justify a trier of fact to conclude that the defendant is guilty beyond a reasonable doubt." *People v Tombs*, 260 Mich App 201, 206-207; 679 NW2d 77 (2003). The *corpus delicti* rule was not violated, and the prosecution introduced sufficient admissible evidence to justify the guilty verdict. In particular, given the victim's testimony that she was sexually assaulted when she was asleep, defendant's admission that he digitally penetrated the victim, and the results of the forensic examination, the evidence was sufficient for the jury to find beyond a reasonable doubt that defendant was guilty of CSC-III under a theory of digital penetration. Defendant's due-process rights were not violated.[2]

## IV. PROPORTIONALITY OF SENTENCE

Defendant also appeals the reasonableness of his within-guidelines sentence. "[W]ithin-guidelines sentences are to be reviewed for reasonableness, but . . . applying a presumption of proportionality . . . through which the defendant bears the burden of demonstrating that their within-guidelines sentence is unreasonable or disproportionate . . . ." *People v Posey*, 512 Mich 317, 359; ___ NW2d ___ (2023). "A presumption of proportionality does not mean that a within-guidelines sentence is binding on the Court of Appeals." *Id*. at 359. "When a trial court sentences a defendant within the guidelines' recommended range, it creates a presumption that the sentence is proportionate. However, unlike a mandate that an appellate court affirm a within-guidelines sentence, the presumption of proportionality may be overcome." *Id*. at 360. "Defendant bears the burden of overcoming the presumption" that his within-guidelines sentence is proportional. *Id*. at 357.

Defendant's sentence was within the minimum sentencing guidelines of 51 months to 85 months. Defendant was given a minimum sentence of 51 months. Defendant argues that his sentence is unreasonable and disproportionate because his conviction of one of the CSC-III counts was based on inadmissible evidence, in violation of the *corpus delicti* rule. According to defendant, if his conviction of that count is reversed, his PRV and OV scores for his conviction on the remaining CSC-III count would be lowered, entitling him to resentencing.

Defendant has not met his burden to overcome the presumption that his within-guidelines sentence is reasonable and proportionate. As discussed, defendant's conviction of CSC-III regarding digital penetration did not violate the *corpus delicti* rule. Thus, the minimum sentencing guidelines remain unchanged. Further, defendant has provided no additional reason why his

---

[2] Even if the *corpus delicti* rule was violated, the evidence against defendant still was legally sufficient to sustain his conviction, given his admission to the digital penetration while testifying.

sentence, which falls at the low end of the minimum sentencing guidelines, is unreasonable and disproportionate. The trial court correctly considered the seriousness of the crime when sentencing defendant, recounting how defendant approached a sleeping woman he did not know and sexually assaulted her while she was asleep. The trial court also considered the emotional and psychological impact this incident had on the victim. These facts show that the 51-month minimum sentence is reasonable and proportionate, and the trial court did not abuse its discretion by imposing it.

## V.  CONCLUSION

The trial court did not plainly err by admitting evidence of statements defendant made to Detective Canelopoulos. The admission of this evidence did not violate the *corpus delicti* rule or defendant's right to due process. It follows that the trial court did not abuse its discretion when sentencing defendant to a minimum term of 51 months' imprisonment. Affirmed.

/s/ Sima G. Patel
/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan