*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TORREANNO SHAWN SMITH,

Defendant-Appellant.

UNPUBLISHED
December 15, 2025
2:15 PM

No. 362410
Grand Traverse Circuit Court
LC No. 2021-013963-FH

Before: SWARTZLE, P.J., and O'BRIEN and BAZZI, JJ.

PER CURIAM.

Defendant, Torreanno Shawn Smith, appeals as of right his jury trial conviction of fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e(1)(b) (force or coercion). Smith was sentenced to five months in jail and two years' probation for his CSC-IV conviction. We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises out of Smith's inappropriate touching of a 16-year-old girl's breast at an indoor recreation venue. On July 22, 2021, complainant was working at the venue when 45-year-old Smith arrived on the premises with a group of his friends and family. As complainant was at the sales counter, Smith approached complainant to purchase prepaid cards to access the venue attractions. Smith proceeded to advance numerous improper comments to complainant, including calling her "babe," and asking whether complainant was married and if not, whether she wanted to be married. Later that evening, complainant was assigned to the venue's laser tag staging space. Smith entered the area, touched complainant's left breast with his hand, laughed, apologized, and walked away. Complainant was visibly upset, crying, and hid behind a counter. Smith approached complainant inquiring why she was crying, and he expressed that complainant was beautiful, she was doing a great job, and he intended to "ask her out." Complainant subsequently reported the incident to her manager, and complainant's mother and the police were contacted. Smith left the premises, but a venue employee was able to note the license plate number of the vehicle Smith occupied. Smith was then identified, interviewed by the police, and charged with CSC-IV.

At trial, complainant identified Smith as the individual responsible for touching her breast, and she testified regarding Smith's inappropriate remarks toward her. Complainant further

-1-

testified that the lighting in the laser tag area was dim compared to other sections of the venue and that the flooring may have been uneven. Other employees of the venue corroborated complainant's assertions concerning Smith's comments. Smith's cousin, who was present at the venue the day of the subject incident, advanced that Smith's comments were nonsexual and that she did not see Smith touch complainant. Detective Travis Horn further testified that he interviewed Smith on August 25, 2021, during which Smith disclosed that he advanced "flirtatious" comments to various venue staff members, but he denied touching complainant. Following the parties' closing arguments, the trial court issued jury instructions in compliance with Michigan's Model Criminal Jury Instructions for CSC-IV.[1] Smith was convicted and sentenced as provided earlier. This appeal ensued.

## II. ANALYSIS

## A. JURY INSTRUCTION

Smith argues that the trial court erred by omitting the *mens rea* element of the CSC-IV offense from its jury instructions. We disagree.

"A party must object or request a given jury instruction to preserve the error for review." *People v Sabin (On Second Remand)*, 242 Mich App 656, 657; 620 NW2d 19 (2000); see also MCR 2.512(C); MCL 768.29. This Court reviews claims of instructional error de novo. *People v Spaulding*, 332 Mich App 638, 652; 957 NW2d 843 (2020). Smith failed to preserve this issue by timely objecting to the omission of a *mens rea* instruction. This issue is unpreserved; thus, it is reviewed under the plain-error standard. *People v Carines*, 460 Mich 750, 762-765; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. at 763. "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*.

Criminal defendants are entitled to a properly instructed jury. *People v Dobek*, 274 Mich App 58, 82; 732 NW2d 546 (2007). "Jury instructions must include all the elements of the offenses charged against the defendant and any material issues, defenses, and theories that are supported by the evidence." *Id*. at 82. "Jury instructions are reviewed in their entirety, and there is no error requiring reversal if the instructions sufficiently protected the rights of the defendant and fairly presented the triable issues to the jury." *Id*. "A crime requiring a particular criminal intent beyond the act done is generally considered a specific intent crime; whereas, a general intent crime merely requires 'the intent to perform the physical act itself.' " *People v Fennell*, 260 Mich App 261, 266; 677 NW2d 66 (2004) (citation omitted). Stated alternatively, "the distinction between specific intent and general intent crimes is that the former involve a particular criminal intent beyond the act done, while the latter involve merely the intent to do the physical act." *People v Haveman*, 328 Mich App 480, 485; 938 NW2d 773 (2019) (quotation marks and citation omitted).

---

[1] M Crim JI 20.13 and 20.15.

"This Court has held that criminal sexual conduct is a general intent crime, not a specific intent crime." *People v Russell*, 266 Mich App 307, 315; 703 NW2d 107 (2005). In considering the proper language for jury instructions pertaining to CSC offenses, this Court has determined that a defendant's *mens rea* "is not relevant to this general intent crime," rather, "a jury is properly limited to a determination whether the defined conduct, when viewed objectively, could reasonably be construed as being for a sexual purpose." *People v Piper*, 223 Mich App 642, 647, 650; 567 NW2d 483 (1997).

Because Smith was charged with CSC-IV, a general intent offense, the trial court was not required to provide a *mens rea* instruction, and its omission did not render the jury instructions deficient. The court properly instructed the jury on the elements of CSC-IV, enabling the jurors to determine whether the alleged conduct constituted sexual contact accomplished through force or coercion, as required for a conviction under MCL 750.520e(1)(b). In light of the foregoing, the jury instructions, when viewed in their entirety, sufficiently protected Smith's rights and fairly presented the issues to be tried.

Smith further contends that his inappropriate remarks to complainant and other venue employees constituted protected speech under the First Amendment and were improperly used to establish that he intentionally touched complainant's breast for a sexual purpose. We disagree.

The First Amendment of the United States Constitution provides, "Congress shall make no law . . .abridging the freedom of speech . . . ." US Const, Am I. "The Michigan Constitution provides the same protection under Const 1963, art 1, § 5, which states that '[e]very person may freely speak, write, express and publish his views on all subjects, being responsible for the abuse of such right; and no law shall be enacted to restrain or abridge the liberty of speech.' " *Buchanan v Crisler*, 323 Mich App 163, 181; 922 NW2d 886 (2018). But the First Amendment "does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent." *Wisconsin v Mitchell*, 508 US 476, 489; 113 S Ct 2194; 124 L Ed 2d 436 (1993).[2] Evidence of a defendant's previous declarations or statements is commonly admitted in criminal trials subject to evidentiary rules. *Id*. In this case, the prosecution's use of Smith's previous statements plainly fell within the bounds of permissible use under *Mitchell*. Smith's statements were used as evidence of his intent in touching complainant for a sexual purpose, and Smith does not contend that their admission otherwise breached the Michigan Rules of Evidence. See *People v Ish*, 252 Mich App 115, 117-118; 652 NW2d 257 (2002) (holding "no error occurred in the admission of defendant's statement as proof of the necessary intent" for the underlying offense). Accordingly, Smith's free speech rights were not violated.

---

[2] This Court has determined that "the rights to free speech under the Michigan and federal constitutions are coterminous." *Burns v City of Detroit (On Remand)*, 253 Mich App 608, 620-621; 660 NW2d 85 (2002). "Thus, federal authority construing the First Amendment may be used in construing the Michigan Constitution's free speech guarantee." *Id*.

B. SUFFICIENCY OF THE EVIDENCE/GREAT WEIGHT OF THE EVIDENCE

Smith argues that there was insufficient evidence to properly convict him of CSC-IV, or, alternatively, that the verdict was against the great weight of the evidence. We disagree.

A conviction lacking sufficient evidence violates the accused's right to due process under the Fourteenth Amendment of the United States Constitution. *Jackson v Virginia*, 443 US 307, 316; 99 S Ct 2781; 61 L Ed 2d 560 (1979). "A defendant need not take any action to preserve a challenge to the sufficiency of the evidence." *People v Williams*, 294 Mich App 461, 471; 811 NW2d 88 (2011). "Challenges to the sufficiency of the evidence are reviewed de novo." *People v Xun Wang*, 505 Mich 239, 251; 952 NW2d 334 (2020). "When reviewing a defendant's challenge to the sufficiency of the evidence, we review the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Williams*, 294 Mich App 461, 471; 811 NW2d 88 (2011) (quotation marks and citation omitted). The standard is deferential, and the reviewing court "is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

To preserve a claim that a conviction is against the great weight of the evidence, a defendant must move for a new trial in the trial court. *People v Cameron*, 291 Mich App 599, 617; 806 NW2d 371 (2011). Smith did not move for a new trial in the trial court. Therefore, this issue is unpreserved. "[W]hen a party fails to preserve a great-weight issue for appeal, an appellate court will look for plain error affecting the defendant's substantial rights." *Id*. (quotation marks and citation omitted).

Smith was convicted of CSC-IV pursuant to MCL 750.520e(1)(b). MCL 750.520e(1)(b), as amended by 2023 PA 126,[3] provides, "A person is guilty of criminal sexual conduct in the fourth degree if he or she engages in sexual contact with another person and . . .[f]orce or coercion is used to accomplish the sexual contact." "Force or coercion" includes, but is not limited to, the actual application of physical force or physical violence, the threat of retaliation, force, or violence, and the achievement of sexual contact through concealment or by the element of surprise. Former MCL 750.520e(1)(b). "Sexual contact" is defined as:

> the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner for:
>
> (i) Revenge.
>
> (ii) To inflict humiliation.

---

[3] The subsequent amendment, effective September 27, 2023, did not substantially alter the cited statute.

(iii) Out of anger.  [MCL 750.520a(q)].

To determine "whether [the] touching could be reasonably construed as being for a sexual purpose, the conduct should be 'viewed objectively' under a 'reasonable person standard.' " *People v DeLeon*, 317 Mich App 714, 720; 895 NW2d 577 (2016) (citation omitted).

Smith contends that the prosecution failed to establish the sexual-contact element of the underlying CSC-IV offense beyond a reasonable doubt.  However, viewed in the light most favorable to the prosecution, Smith's improper remarks toward complainant before and after touching her breast constituted sufficient evidence for a jury to reasonably infer that Smith intentionally touched complainant's breast for a sexual purpose.  See *People v Aikens*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 368187); slip op at 4 ("Considering all of the evidence of defendant complimenting [the complainant's] appearance, going inside the house after her, and the actions he took toward her on the couch, it was reasonable for the jury to conclude that this was done for a sexual purpose.")  See also *People v Darga*, 349 Mich App 1, 16; ___ NW3d ___ (2023) ("Because a juror cannot look into a defendant's mind, they often must rely on circumstantial evidence to determine intent.  To that end, though stated in the context of general intent, a jury may presume that a person 'intend[ed] the natural consequences of' their actions.") (Citation omitted).

To the extent Smith contends that the evidence supports a possible innocent explanation for the touching or challenges complainant's credibility, such matters fall within the jury's province.  As previously opined by the Michigan Supreme Court, when the question is one of "credibility posed by diametrically opposed versions of the events in question," the test of credibility must be left with the trier of fact.  *People v Lemmon*, 456 Mich 466, 646-647; 576 NW2d 129 (1998).  Accordingly, the disputed testimony about Smith's intent and the very occurrence of the alleged touching presented factual and credibility questions for the jury to resolve.  See *Aikens*, ___ Mich App at ___; slip op at 4 ("There was conflicting evidence from various witnesses at trial, but it was the role of the jury to hear that evidence and make its findings of fact," regarding the alleged sexually inappropriate acts).  Further, complainant's testimony, in and of itself, was sufficient to establish the subject offense.  See *People v Horton*, 341 Mich App 397, 404-405; 989 NW2d 885 (2022) ("In most criminal sexual conduct cases there are no nonparticipant witnesses to the crime, which reduces the cases to weighing the defendant's credibility against that of the victim") (quotation marks and citation omitted); see also *People v Alter*, 255 Mich App 194, 203; 659 NW2d 667 (2003) ("The victim denied ever giving defendant permission to have such sexual contact with her.  This was sufficient evidence that defendant used actual force to accomplish sexual contact").  In light of the foregoing, Smith failed to show that the verdict was against the great weight of the evidence or that there was insufficient evidence to support his conviction.

Affirmed.

/s/ Brock A. Swartzle
/s/ Colleen A. O'Brien
/s/ Mariam S. Bazzi